NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000833**
**27-JUN-2019**
**08:09 AM**

NO. CAAP-16-0000833

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JUSTIN K. BRIGHT, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-CR NO. 16-1-0079)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Chan, JJ.)

Defendant-Appellant Justin K. Bright appeals from the Judgment, filed on November 14, 2016 in the Family Court of the Fifth Circuit ("Family Court").[1] Bright was convicted of Violation of an Order for Protection, in violation of Hawaii Revised Statutes ("HRS") section 586-11 (Supp. 2015).[1]

On appeal, Bright claims that (1) the Bill of Particulars fails to state an offense and the Complaint should have been dismissed because "the Complaint fails to state that the conduct was done with the necessary intent, one of the necessary elements of the offense;" (2) there was insufficient

---

[1]    The Honorable Edmund D. Acoba presided.

[1]    HRS section 586-11 reads as follows:

> Violation of an order for protection. (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor.

evidence to convict him of violating the Order for Protection, specifically that the violation did not occur in a "neutral location" and with the requisite intent of knowingly or intentionally; and (3) the Family Court abused its discretion by failing to dismiss the case as a de minimus violation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bright's points of error as follows and affirm:

(1) Although Bright contends that the Complaint failed to state the necessary intent as an the element of the offense, he only argues that the Bill of Particulars failed to state an offense by omitting the requisite intent of knowingly or intentionally. The Complaint, however, alleged that Bright knowingly or intentionally violated the Order for Protection. Thus, the charge was not defective for failing to state the requisite mental state of mind.

> A bill of particulars usually is not designed to
> uphold an insufficient indictment, but only to be used
> where the indictment is sufficient on demurrer. It
> neither strengthens nor weakens an indictment or
> information. It cannot change the offense charged or
> in any way aid an indictment fundamentally bad,
> although it may remove an objection on the ground of
> uncertainty.

*Terr. v. Kanda*, 41 Haw. 591, 595 (1957). Therefore, Bright's contention that the Bill of Particulars must allege all elements of an offense is without merit.

(2) There was sufficient evidence to convict Bright of violating the Order for Protection. The language contained in the Order for Protection describes the prohibited conduct that constitutes a violation of the order. Specifically, the Order for Protection prohibited Bright from contacting the complaining witness, from telephoning, writing, or otherwise electronically communicating, directly or through a third party, with the complaining witness, and from:

> coming or passing within 100 yards of any place of
> employment or where [the complaining witness] lives and
> within 100 feet of each other at neutral locations. In the
> event the parties happen to come upon each other at a
> neutral location, the subsequent arriving party shall leave

immediately or stay at least 100 feet from the other. When the parties happen to come upon each other at the same time at a neutral location, Bright shall leave immediately or stay at least 100 feet from the [complaining witness].

The outside parameters of the prohibitions contained in the Order for Protection are less than perfectly clear. It is not evident, for instance, whether the Family Court intended Bright's place of employment to be subject to the 100 yard restriction or whether that restriction was intended to be limited to the complaining witness's place of employment. It appears, however, that Bright is prohibited by the Order for Protection from coming within 100 feet of the complaining witness *anywhere else*. This is consistent with the State's election to treat this particular incident as a violation of the neutral location 100 feet restriction.

Furthermore, "[i]n submitting a bill of particulars, the prosecution limits itself to proving its case in the manner stated in the bill." *State v. Balanza*, 93 Hawai'i 279, 286, 1 P.3d 281, 288 (2000). The Bill of Particulars here stated that Bright violated the Order for Protection by coming within 100 feet of the complaining witness "at the top of the front steps of the Fifth Circuit Judicial Complex and did not immediately leave" as required by the Order for Protection "when he ascended the steps approximately 10 seconds after the complaining witness and her father and walked directly past the complaining witness from the north side of the landing to the south side of the landing[.]" Based upon the language of the Order for Protection and Bill of Particulars, in order to convict Bright the State was required to prove that Bright violated the Order for Protection by coming or passing within 100 feet of the complaining witness at a neutral location.

"[A] prerequisite to punishing a person for violating an injunction order issued under HRS § 604-10.5 that protects against harassment is a court order that is 'clear and unambiguous,' so as to allow a person of ordinary intelligence to 'ascertain from the four corners of the order precisely what acts are forbidden[.]'" *State v. Guyton*, 135 Hawai'i 372, 377-78, 351 P.3d 1138, 1143-44 (2015) (citations omitted). Similar to a

3

violation of a temporary restraining order, pursuant to HRS §
604-10.5, a violation of an order of protection, pursuant to HRS
§ 586-11, is a misdemeanor. Haw. Rev. Stat. § 586-11(a).

The Order for Protection specifies three specific types
of locations, place of employment, residence, and a neutral
location. The Fifth Circuit Judicial Complex is a public
building, thus, it is not a residence. Ordinarily, neither a
complaining witness nor a defendant could claim it as a place of
employment. Thus, it might fall into the category of a neutral
location according to the terms of the Order for Protection.
However, in this case, Bright was an employee of the Judiciary at
the time of the incident and worked at the Fifth Circuit Judicial
Complex. Thus, Bright contends the location was not a neutral
location in this case. The State contends that "whether the
'neutral location' happened to be Mr. Bright's workplace or
called something else, it did not materially influence the trial
court."

We agree with the State in this case. When the
evidence adduced at trial is considered in the strongest light
for the prosecution, *State v. Matavale*, 115 Hawai‘i 149, 157-58,
166 P.3d 322, 330-31 (2007) (citation omitted), there was
substantial evidence that Bright came within both 100 feet of the
complaining witness at a "neutral location," and 100 yards at
"any place of employment." In either case then, Bright's stated
surprise at encountering the complaining witness notwithstanding,
his action was in violation of the Order for Protection.
Therefore, the State proved beyond a reasonable doubt all of the
elements necessary to convict Bright of violating the Order for
Protection as limited by the Bill of Particulars.

(3) Bright contends that the Family Court erred in not
dismissing the case against him as a de minimus violation.[2/]

> (1) The court may dismiss a prosecution if, having
> regard to the nature of the conduct alleged and the nature
> of the attendant circumstances, it finds that the
> defendant's conduct:

---

[2/] Bright does not contend that he ever moved for dismissal on the
grounds that the charge was de minimis. Rather, the issue appears to have
been raised for the first time in Bright's closing argument.

     (a)    Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense;

     (b)    Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

     (c)    Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

Haw. Rev. Stat. § 702-236(1) (2014).

"The dismissal of a prosecution for a de minimis infraction . . . is not a defense. The authority to dismiss a prosecution [as de minimis] rests in the sound discretion of the trial court." *State v. Rapozo*, 123 Hawai‘i 329, 336, 235 P.3d 325, 332 (2010) (citing *State v. Viernes*, 92 Hawai‘i 130, 133, 988 P.2d 195, 198 (1999)). "[I]nsofar as the *defendant* advances a motion to dismiss on de minimis grounds, it is the *defendant*, and not the prosecution, who bears the burden of proof on the issue." *State v. Oughterson*, 99 Hawai‘i 244, 256 54 P.3d 415, 427 (2002).

Bright's argument amounts to a contention that the distance restrictions included in the Order for Protection, even if knowingly and intentionally violated, are de minimis unless accompanied by conduct likely to cause or threaten the harm or evil sought to be prevented by the law defining the offense. Here, however, the Order for Protection takes into account the possibility of an unintentional violation and requires then that Bright "leave immediately" or stay at least 100 feet away from the complaining witness. Instead, Bright approached the complaining witness, coming almost ten feet from her, in order to enter the doorway to which he was headed rather than veer off to another entrance. Bright can not choose to ignore the Order for Protection because, in his mind, he did not intend, by his presence in violation of the order, to "cause or threaten" further harassment of the complaining witness. Therefore, the Family Court did not abuse its discretion in not dismissing the charge as de minimis.

Therefore, the Judgment filed on November 14, 2016 in the Family Court of the Fifth Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 27, 2019.


On the briefs:

Emmanuel G. Guerrero
for Defendant-Appellant.

Gregory e. Gimenez,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge